IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DARRELL BAILEY,**

                **Petitioner,**

      v.                              CASE NO. 11-3181-SAC

**MICHAEL STUDMAN,**

                **Respondent.**

### O R D E R

Before the court is a habeas corpus petition seeking relief under 28 U.S.C.§ 2254, filed pro se by a prisoner incarcerated in an Arkansas state facility. Also before the court is petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and motion for appointment of counsel.

Petitioner alleges constitutional error in his Kansas conviction on 1990 charges of murder. That conviction became final in 1992, and it appears petitioner was transferred out of the state shortly thereafter. Petitioner now claims he was denied his right to the effective assistance of counsel in the Kansas criminal proceeding, and names his defense counsel as the sole respondent in this matter. Having reviewed the petition, the court finds it is subject to being summarily dismissed for the following reasons.

First, it is clear on the face of the petition that petitioner did not file this action within the one year limitation period imposed by 28 U.S.C. § 2244(d)(1) by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996. For a pre-AEDPA conviction, such as the conviction being challenged in the instant action, petitioner

had a year from April 24, 1996, to seek federal habeas relief. *See Miller v. Marr*, 141 F.3d 976 (10th Cir.1998)(one year grace period applies to state prisoners challenging pre-AEDPA convictions). Finding no showing or suggestion of extraordinary circumstances warranting equitable tolling of the § 2244(d)(1) limitation period, the petition is subject to being dismissed as time barred.

Second, even if petitioner could establish the petition was timely filed, it still would be subject to summary dismissal because there is no indication that petitioner ever attempted to exhaust state court remedies on his claim of being denied his right to counsel under the Sixth and Fourteenth Amendments.  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 US. 838, 842 (1999).

Petitioner is advised that if dismissal of the petition can be avoided for the reasons stated above, then amendment of the petition will be required to name a proper respondent, namely the state officer having custody over petitioner. *See* Rule 2(a) of the Rules Governing Habeas Corpus Petitions ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that petitioner is granted thirty (30) days from the date of this order to show cause why the petition should not be summarily dismissed for the

reasons stated by the court.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 20th day of December 2011 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge